OWEN, Chief Judge.
The plaintiff, in an action for deceit, appeals an order dismissing with prejudice its amended complaint, the order reciting that the action was barred by the Statute of Limitations and the Statute-of Frauds.
This suit was filed in May, 1973. The amended complaint alleges, in essence, that in August, 1965, the defendant willfully misrepresented to plaintiff certain facts, intending the plaintiff to rely thereon, and that plaintiff did rely on said misrepresentations to its detriment etc. The amended complaint also alleges that “ . . . the defendant left the State of Florida shortly after this transaction and kept his whereabouts unknown to the plaintiff [and] that the defendant returned to the State of Florida in May, 1973”.
The complaint does not seek to hold defendant-appellee liable on the debt of another. It sounds solely in deceit. Consequently, the Statute of Frauds is not applicable to the case.
The three year Statute of Limitations for an action for fraud (Section 95.11(5) (d), F.S.) applies, and, ultimately, may be established as a bar to the action. It is, however, an affirmative defense and can be asserted by a motion to dismiss only it it appears on the face of a prior pleading. Rule 1.110(d), R.C.P. On the face of the complaint it appeared that the cause of action did accrue more than three years prior to the filing of the complaint. However, the amended complaint alleged matters which, if true, would toll the running *163 of the statute under Section 95.07, F.S.[1] The motion to dismiss was essentially a “speaking motion”, seeking to show facts to prove that the defendant was not out of the State of Florida so as to toll the Statute of Limitations. This is not the proper function of a motion. Such allegations properly are contained in the answer, setting forth the affirmative defense of the Statute of Limitations and denying those allegations by which .the plaintiff attempts to show that the statute has been tolled by virtue of defendant’s absence from the state.
The order dismissing the amended complaint with prejudice is reversed and this cause remanded for further proceedings.
Reversed and remanded.
CROSS and MAGER, JJ., concur.

. Section 95.07, F.S.:
“Limitation, absence of defendant from state. — If, when the cause of action shall accrue against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if after the cause of action shall have accrued he depart from the state, tlie time of his absence shall not be part of the time limited for the commencement of the action.”